**ROCKY MOUNTAIN HELICOPTERS, INC., Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 90–9553.

United States Court of Appeals, Tenth Circuit.

Sept. 18, 1992.

---

Robert S. Young, Provo, Utah, for petitioner.

Edmund J. Averman, III, Atty., Office of the Chief Counsel, F.A.A., Washington, D.C., for respondent.

Before McKAY, Chief Judge, LOGAN and MOORE, Circuit Judges.

McKAY, Chief Judge.

Rocky Mountain Helicopters, Inc. ("Rocky Mountain") is the nation's largest provider of helicopter emergency medical evacuation services. It operates under 14 C.F.R. § 135 (1992) at approximately fifty locations throughout the United States.

By Action Notice dated July 7, 1989, the Federal Aviation Administration ("FAA") concluded that the removal and replacement of oxygen cylinders used in medical oxygen systems installed on an aircraft constituted "maintenance of an appliance"

as contemplated by 14 C.F.R. § 43.3 (1989) and could therefore only be performed by certified mechanics. Citing the potential for unavailability of certified mechanics at the unpredictable hours at which helicopter medical evacuation services must be performed, Rocky Mountain petitioned the FAA for an exemption from 14 C.F.R. § 43.3 "to the extent necessary to allow properly trained personnel (pilots) employed by Rocky Mountain Helicopters, Inc. to exchange medical oxygen cylinders after such cylinders have been depleted. This would occur only when an appropriately rated mechanic is not immediately available." Rec. doc. 1 at 1. On July 16, 1990, the FAA, through its Director of Flight Standards Service, denied Rocky Mountain's petition, citing in addition to its authority to regulate appliances mentioned in the Action Notice, the FAA's statutory authorization to promote safety in air commerce. Rec. doc. 6 at 4.

Rocky Mountain's arguments on appeal are: (1) the FAA lacks statutory authority to regulate the exchange of medical oxygen cylinders; (2) the FAA's decision denying Rocky Mountain's petition for exemption is arbitrary and capricious; and (3) the FAA's decision is contrary to existing federal aviation regulations and not in the public interest.

The FAA has authority to regulate the inspection, servicing, and overhaul of aircraft, aircraft engines, propellers, and appliances. See 49 U.S.C.App. § 1421 (1992). The FAA's Action Notice at issue here purported to regulate medical oxygen systems as "appliances." Rec. doc. 2 at 7. Rocky Mountain disputes this classification and, therefore, the FAA's authority to regulate Rocky Mountain's medical oxygen system. The FAA responds that whether or not the medical oxygen system satisfies the statutory definitions of an "appliance," the FAA can regulate the system as a general matter of air safety.[1]

■ We conclude that even if the FAA lacks authority to regulate this system as

an appliance, it can regulate the system under its general authority to promote safety in air commerce if its fact-findings and regulations are not arbitrary and capricious. See 5 U.S.C. § 706(2)(A).

■ We generally give agency decisions great deference. This is especially so where the FAA makes a finding relating to air safety. City of Aurora v. Hunt, 749 F.2d 1457, 1462 (10th Cir.1984). Nevertheless, an agency action is arbitrary and capricious if the agency fails to demonstrate in the record that it has examined the relevant data and articulated a satisfactory explanation for its action. Motor Vehicles Mfrs. Ass'n v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1982).

■ Examination of the record in this case reveals several troublesome facts. First, the FAA conceded during oral argument that it is the fact that the system is attached to the aircraft that allows the FAA to require a certified mechanic to exchange a depleted oxygen cylinder. At the same time, the FAA acknowledged that the oxygen cylinders on portable oxygen systems brought onto the aircraft may be exchanged by the pilot or any other properly trained person. The record contains no satisfactory explanation for the discrepancy in treatment of portable and attached oxygen systems.

The record also contains an FAA study exploring Rocky Mountain's installed oxygen system which determined that the exchange of oxygen cylinders was a simple procedure for which Rocky Mountain personnel other than certified mechanics had been properly trained. Rec. doc. 4. The study explicitly found Rocky Mountain's request for an exemption to be "reasonable." Rec. doc. 5 at 1. The FAA offered no evidence refuting the study's conclusions. Indeed, the FAA's denial of Rocky Mountain's petition itself made no refer-

---

**1.** The relevant statutory definitions of an "appliance" are found at 49 U.S.C.App. § 1301(12) (1992) and 14 C.F.R. § 1.1 (1992).

ence to the study, but instead simply cited safety concerns.[2]

This leads us to conclude that the record contains no adequate explanation for requiring that a mechanic, rather than any other adequately trained Rocky Mountain employee, exchange the oxygen cylinders. Without further explanation from the FAA, we cannot uphold the agency's decision.

We therefore hold that the FAA has acted arbitrarily and capriciously in this instance. Consequently, we must set aside the FAA's action denying Rocky Mountain's petition. We REVERSE the FAA's action in this case and REMAND for further proceedings consistent with this opinion.[3]

REVERSED and REMANDED.

fice of the Thirteenth District of Oklahoma; Ben Loring, District Attorney; Dewayne Corbit, Investigator; Oklahoma Justice Department; Thomas Spencer, Assistant Attorney General, Defendants–Appellees.

No. 92–5064.

United States Court of Appeals, Tenth Circuit.

Sept. 18, 1992.

---

**2.** The FAA cited two explosions relating to oxygen systems as evidence of the need for a requirement that only certified mechanics replace the oxygen cylinders. However, the record indicates that these explosions stemmed from a maintenance program other than cylinder exchange. Moreover, the record does not state how, or if, those systems were attached to the aircraft.

**3.** This conclusion makes it unnecessary for us to consider Rocky Mountain's contention that the FAA decision in this case was contrary to federal regulations and not in the public interest.